06 SEP 15 AM 10: 30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br>a Washington corporation,<br>One Microsoft Way<br>Redmond, Washington 98052<br><br>Plaintiff<br><br>vs.<br><br>MARK MCGEE, an individual,<br>d/b/a COMPUTERME.NET,<br>526 Bailey Street<br>Hamilton, Ohio 45011<br><br>Defendant | CASE NO. 1:06 CV 611<br><br>JUDGE  L. PLOTT<br><br>J. BLACK<br><br>**COMPLAINT** |

This is an action by Plaintiff Microsoft Corporation ("Microsoft") to recover damages arising from the infringement of Microsoft's copyrights and trademarks in its software programs by Defendant Mark McGee, an individual doing business as ComputerME.net ("Defendant"), and to enjoin Defendant's future infringement. Defendant continued to distribute counterfeit and infringing Microsoft software even after he was warned of the consequences of such illegal activity. Defendant infringed Microsoft's copyrights and trademarks, violated the Lanham Act by falsely designating the origin of software, and engaged in unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendant's illegal profits, and injunctive relief.

## PARTIES

1. Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft develops, markets, distributes, and licenses computer software.

2. Defendant Mark McGee is an individual doing business as ComputerME.net in Hamilton, Ohio, and on the Internet. Mark McGee, an individual doing business as ComputerMe.net, is engaged in the business of advertising, marketing, offering, and distributing computer software, including purported Microsoft software.

3. Upon information and belief, Defendant Mark McGee is an officer, shareholder, and/or director of, and/or does business as, owns, operates, or otherwise controls ComputerMe.net. Upon information and belief, Defendant Mark McGee, an individual, resides and/or transacts substantial business in this district. Upon information and belief, Defendant Mark McGee, an individual, (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.

## JURISDICTION

4. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of Ohio pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

2

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct herein alleged occurred in the Southern District of Ohio; (b) Defendant may be found in the Southern District of Ohio; and (c) Defendant has a sufficient connection with the Southern District of Ohio to make venue proper in this district.

## FACTS COMMON TO ALL CLAIMS

7. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on magnetic diskettes and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, and other components.

8. <u>Microsoft Office 2000 Pro</u>: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Office 2000 Professional Edition ("Office 2000 Pro"). Microsoft holds a valid copyright in Office 2000 Pro (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2000 Pro, bearing number TX 4-905-936, is attached hereto as Exhibit 1 and is incorporated herein by reference. Office 2000 Pro is a suite of popular Microsoft software programs each of which is itself protected by a federal copyright registration. Those programs are:

    A. <u>Microsoft Access 2000</u>, a program that allows users to create and manipulate databases and to store data. Microsoft holds a valid copyright in Microsoft Access

3

2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2000, bearing number TX 4-905-950, is attached hereto as Exhibit 2 and is incorporated herein by reference.

    B. <u>Microsoft Excel 2000</u>, a program that allows users to create spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2000, bearing number TX 4-905-949, is attached hereto as Exhibit 3 and is incorporated herein by reference.

    C. <u>Microsoft Outlook 2000</u>, a program that allows users and networked teams to create and manage calendars, tasks, and contacts. Microsoft holds a valid copyright in Microsoft Outlook 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2000, bearing number TX 4-906-019, is attached hereto as Exhibit 4 and is incorporated herein by reference.

    D. <u>Microsoft PowerPoint 2000</u>, a program that allows users to create, organize and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2000, bearing number TX 4-905-952, is attached hereto as Exhibit 5 and is incorporated herein by reference.

E. <u>Microsoft Word 2000</u>, a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2000, bearing number TX 4-905-951, is attached hereto as Exhibit 6 and is incorporated herein by reference.

F. <u>Microsoft Publisher 2000</u>, a desktop publishing program that allows users to create, customize, and publish materials such as newsletters, brochures, flyers, catalogs, and Web sites. Microsoft holds a valid copyright in Microsoft Publisher 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Publisher 2000, bearing number TX 4-905-937, is attached hereto as Exhibit 7 and is incorporated herein by reference.

9. Microsoft also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C. PUZZLE PIECE LOGO, Trademark Registration No. 1,982,562, for computer programs and instruction manuals sold as a unit;

5

    D.    "POWERPOINT," Trademark Registration No. 1,475,795, for pre-recorded computer programs recorded on magnetic disks;

    E.    "MICROSOFT ACCESS," Trademark Registration No. 1,741,086, for computer programs for use with databases and manuals sold as a unit;

    F.    "OUTLOOK," Trademark Registration No. 2,188,125, for computers programs, specifically programs providing enhanced electronic mail and scheduling capabilities and instructional manuals sold as a unit.

True and correct copies of the Trademark Registrations for A through F above are attached hereto as Exhibits 8 through 13, respectively, and are incorporated by reference.

### Defendant's Infringement

10. Defendant is engaged in the advertising, marketing, offering, and distribution of computer hardware and software, including programs covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof.

11. By letters dated March 18, 2005 and November 21, 2005, Defendant was warned by Microsoft that he may be distributing illegal Microsoft software. The letter also provided information on how to avoid future infringements.

12. Defendant disregarded the notice and continued to distribute counterfeit and infringing Microsoft software.

13. In August 2006, Defendant distributed counterfeit and infringing Office 2000 Pro software to an investigator.

14. On information and belief, this was not an isolated incident. Defendant has been and may continue to be involved in advertising, marketing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to

6

unidentified persons or entities. On information and belief, Defendant's distributions of purported Microsoft software are the result of Defendant's advertising and marketing the availability of such materials.

15. On information and belief, Defendant's wrongful conduct includes the use, advertising, marketing, offering, and/or distribution of "infringing materials," specifically reproductions, counterfeits, copies or colorable imitations of the Microsoft copyrighted software and/or the Microsoft trademarks, logos, and service mark described in this Complaint.

16. On information and belief, Defendant committed and continues to commit acts of copyright and trademark infringement against Microsoft. On information and belief, Defendant's acts are willful and committed with prior notice of Microsoft's copyrights and registered marks. At minimum, Defendant was willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks.

17. On information and belief, by this conduct, including his advertising activities and unauthorized use of Microsoft's marks to describe the items that he distributes, Defendant misappropriated Microsoft's advertising ideas and style of doing business and infringed Microsoft's copyrights, titles, and slogans.

18. On information and belief, the injuries and damages that Microsoft sustained were directly and proximately caused by Defendant's wrongful misappropriation of Microsoft's advertising ideas and style of doing business, and infringement of Microsoft's copyrights, titles, and slogans.

## COUNT I
### [Copyright Infringement -- 17 U.S.C. §§ 501, *et seq.*]

19. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

20. Microsoft is the sole owner of Microsoft Office 2000 Pro, Access 2000, Excel 2000, Outlook 2000, PowerPoint 2000, Publisher 2000 and Word 2000, and all corresponding copyrights and Certificates of Registration.

21. Defendant infringed the copyrights in Microsoft's software, including, but not limited to, Microsoft Office Pro 2000 by distributing infringing materials in the United States of America without approval or authorization from Microsoft.

22. At minimum, Defendant acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

23. As a result of his wrongful conduct, Defendant is liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages, and is entitled to recover such damages, which include any and all profits Defendant made as a result of his wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

24. In addition, because Defendant's infringement was willful, within the meaning of the Copyright Act, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

25. Microsoft also is entitled to injunctive relief pursuant to 17 U.S.C. § 502, and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a)

Microsoft's copyrights are unique and valuable properties that have no readily determinable market value; (b) Defendant's infringement harms Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

26. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT II
### [Trademark Infringement -- 15 U.S.C. § 1114]

27. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28. Defendant's activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including, but not limited to 15 U.S.C. § 1114(1).

29. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

30. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

31. The infringing materials that Defendant has and continues to use, offer, advertise, market or distribute are likely to cause confusion, mistake or deception as to their source, origin or authenticity.

32. Further, Defendant's activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendant uses, advertises, markets, offers or distributes originate with or are authorized by Microsoft to the damage and harm of Microsoft, its licensees, and the public.

33. Upon information and belief, Defendant used, offered, advertised, marketed or distributed infringing material with the purposes of misleading, deceiving or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation

34. At a minimum, Defendant acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

35. As a result of his wrongful conduct, Defendant is liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered damages, and is entitled to recover damages, which include any and all profits Defendant made as a result of his wrongful conduct. 15 U.S.C. § 1117(a).

36. In addition, because Defendant's infringement of Microsoft's trademarks and service mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

37. Microsoft also is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), and to an order compelling the impounding of all infringing materials being used, offered, marketed or distributed by Defendant pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A), and 28 U.S.C. § 1651. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and

valuable properties that have no readily determinable market value; (b) Defendant's infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken or deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

38. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## COUNT III
### [False Designation of Origin, False Description, and Representation of Microsoft Packaging -- 15 U.S.C. §§ 1125, *et seq.*]

39. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

41. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean and are understood by customers, end users, and the public to signify software or services of Microsoft.

42. Microsoft also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

43. Defendant's wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with his goods and services.

44. Upon information and belief, Defendant engaged in such wrongful conduct with the willful purpose of misleading, deceiving or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendant's conduct constitutes (a) false designation of origin; (b) false or misleading description; and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of Section 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

45. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

46. As a result of Defendant's wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, offered, advertised, marketed or distributed by Defendant. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable properties that have no readily-determinable market value; (b) Defendant's advertising, marketing or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

## COUNT IV
### [Violation of the Ohio Deceptive Trade Practices Act – Ohio Revised Code Chapter 4165.01]

47. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48. Defendant's actions constitute unfair, unconscionable and/or deceptive trade practices in the course of their business and in the conduct of trade or commerce, in violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.01 *et seq*. In that regard, Defendant's actions have caused and will continue to cause a likelihood or probability of confusion or misunderstanding as to the source, affiliation, sponsorship, approval or certification of software and/or components installed, marketed, manufactured, distributed, advertised and/or duplicated by Defendant.

49. Defendant's conduct as alleged above has damaged and will continue to damage Microsoft's goodwill and reputation and has resulted in losses to Microsoft and an illicit gain of profit to Defendant in an amount that is unknown at the present time.

50. Microsoft is also entitled to recover its attorneys' fees pursuant to Ohio Revised Code § 4165.03(B).

## COUNT V
### [Ohio Common Law Unfair Competition]

51. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50, inclusive.

52. The acts and conduct of Defendant as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Ohio.

53. Defendant's conduct as alleged above has damaged and will continue to damage Microsoft's goodwill and reputation and has resulted in losses to Microsoft and an illicit gain of profit to Defendant in an amount that is unknown at the present time.

## COUNT VI
### (For Imposition Of A Constructive Trust Upon Illegal Profits)

54. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 53, inclusive.

55. Defendant's conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

56. By virtue of Defendant's wrongful conduct, Defendant has illegally received money and profits that rightfully belong to Microsoft.

57. Upon information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

58. Defendant holds the money and profits he has illegally received as constructive trustee for the benefit of Microsoft.

## COUNT VII
### (Accounting)

59. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 58, inclusive.

60. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to his acts of infringement.

14

61. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendant's acts of infringement.

62. The amount of money due from Defendant to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendant of the precise number of units of infringing material offered for distribution and distributed by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests judgment against Defendant Mark McGee, an individual, as follows:

(1) Enter judgment against Defendant Mark McGee:

(a) that Defendant willfully infringed Microsoft's rights in the following federally registered copyright, in violation of 17 U.S.C. § 501:

(1) TX 4-905-936 ("Office 2000 Professional");

(2) TX 4-905-950 ("Access 2000");

(3) TX 4-905-949 ("Excel 2000");

(4) TX 4-906-019 ("Outlook 2000");

(5) TX 4-905-952 ("PowerPoint 2000");

(6) TX 4-905-937 ("Publisher 2000"); and

(7) TX 4-905-951 ("Word 2000");

(b) that Defendant willfully infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,475,795 ("POWERPOINT");

15

    (4)  1,741,086 ("MICROSOFT ACCESS");

    (5)  1,982,562 (PUZZLE PIECE LOGO); and

    (6)  2,188,125 ("OUTLOOK");

  (c)  that Defendant committed and continues to commit acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

  (d)  that Defendant engaged in unfair and deceptive trade practices and unfair methods of competition in violation of Ohio Revised Code Chapter 4165.01 *et seq.* and Ohio common law; and

  (e)  that Defendant otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint;

  (2)  Issue injunctive relief against Defendant that Defendant, his directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant be enjoined and restrained from:

  (a)  imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, and/or items now or hereafter protected by the following copyright Certificate Registration Nos.:

    (1)  TX 4-905-936 ("Office 2000 Professional");

    (2)  TX 4-905-950 ("Access 2000");

    (3)  TX 4-905-949 ("Excel 2000");

    (4)  TX 4-906-019 ("Outlook 2000");

    (5)  TX 4-905-952 ("PowerPoint 2000");

    (6)  TX 4-905-937 ("Publisher 2000"); and

    (7) TX 4-905-951 ("Word 2000");

or the software programs, components, and/or items protected by the following Trademark Registration Nos.:

    (1) 1,200,236 ("MICROSOFT");

    (2) 1,256,083 ("MICROSOFT");

    (3) 1,475,795 ("POWERPOINT");

    (4) 1,741,086 ("MICROSOFT ACCESS");

    (5) 1,982,562 (PUZZLE PIECE LOGO); and

    (6) 2,188,125 ("OUTLOOK");

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

  (b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any software program, component, and/or item bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of Microsoft's registered trademarks, service mark or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above;

  (c) using any simulation, reproduction, counterfeit, copy or colorable imitation of Microsoft's registered trademarks, service mark or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import,

17

advertisement, promotion or display of any software program, component, and/or item not authorized or licensed by Microsoft;

  (d) using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for Microsoft when such is not true in fact;

  (e) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark, and/or copyrights or of Microsoft's rights in or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

  (f) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

  (3) Enter an order of impoundment, pursuant to 15 U.S.C. § 1116(a)(d)(1)(A), 17 U.S.C. §§ 503 and 509(a), and 28 U.S.C. § 1651(a), impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, which are in Defendant's possession or under his control;

  (4) Enter an order declaring that Defendant holds in trust, as constructive trustee for the benefit of Microsoft, his illegal profits obtained from his distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendant to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendant's illegal activities;

18

(5) Enter an order that orders and directs Defendant to pay Microsoft's general, special, actual, and statutory damages as follows:

    (a) Microsoft's damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages, pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2), for Defendant's willful infringement of Microsoft's copyrights;

    (b) Microsoft's damages and Defendant's profits, pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), for Defendant's willful violation of Microsoft's registered trademarks and service mark, or in the alternative, statutory damages, pursuant to 15 U.S.C. §1117(c), for each counterfeit mark; and

    (c) Microsoft's damages and Defendant's profits pursuant to Ohio Revised Code § 4165.01 *et seq.* and Ohio common law;

(6) Enter an order that orders and directs Defendant to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by Microsoft in prosecuting this action; and

//

//

//

//

//

//

//

//

(7)   Grant to Microsoft such other and additional relief as is available to this Court by law or equity.

Dated: September 15, 2006

OF COUNSEL:

Katherine Dugdale
Audra M. Mori
PERKINS COIE
1620 26th Street
Sixth Floor, South Tower
Santa Monica, California 90404-4013
Tel: (310) 788-9900
Fax: (310) 788-3399
KDugdale@perkinscoie.com
AMori@perkinscoie.com

Robert E. Chudakoff (0038504)
Michael Marrero (0003769)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Tel (513) 698-5000
Fax (513) 698-5001

rchudakoff@ulmer.com
mmarrero@ulmer.com

Attorneys for Plaintiff
Microsoft Corporation